Steuben County, Purple, J.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.

■ LEROY DAVIS, Appellant, v CITY OF ROCHESTER et al., Defendants, and COUNTY OF MONROE, Respondent. (Appeal No. 1.)—Appeal unanimously dismissed as academic *(see,* 10 Carmody-Wait 2d, NY Prac § 70:80). (Appeal from order of Supreme Court, Monroe County, Patlow, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.

■ LEROY DAVIS, Appellant, v CITY OF ROCHESTER et al., Defendants, and COUNTY OF MONROE, Respondent. (Appeal No 2.)—Order unanimously affirmed without costs. Memorandum: Special Term properly granted summary judgment dismissing plaintiff's complaint against defendant County of Monroe. The county is not liable for the acts of the Sheriff or his Deputies in operating the county jail *(Wilson v Sponable,* 81 AD2d 1, 9-12, *appeal dismissed* 54 NY2d 834; Local Laws, 1982, No. 1 of Monroe County § 3-a). Plaintiff has failed to demonstrate any issue of fact concerning a breach of duty by the county. (Appeal from order of Supreme Court, Monroe County, Patlow, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.

■ TERRENCE J. LEMIEUX, Respondent, v CITY OF NIAGARA FALLS, Appellant.—Order unanimously reversed on the law without costs and summary judgment granted defendant dismissing the complaint. Memorandum: In June of 1976, plaintiff, a City of Niagara Falls police officer, was convicted of two misdemeanor counts of perjury for making false statements in an affidavit submitted in support of an application for a search warrant. He was suspended without pay and disciplinary charges were filed pursuant to section 75 of the Civil Service Law. The disciplinary hearings were stayed pending appeals. In November of 1980, the Court of Appeals reversed one of the perjury counts, but it was not until July 12, 1983, that plaintiff was formally dismissed. Plaintiff commenced this action seeking back pay from November 20, 1980 until July 14, 1983, claiming that the city unreasonably delayed the disciplinary proceedings during this period *(see, Matter of Amkraut v Hults,* 21 AD2d 260, *affd* 15 NY2d 627). Special Term granted partial summary judgment in plaintiff's favor for most of the period of delay. We reverse and grant summary judgment dismissing the complaint.

Once a police officer has been convicted of a felony or of a crime involving a violation of his oath of office, his position