■ VINCENT PULITANO, Appellant, v NATIONWIDE INSURANCE Co., Defendant, and ANDREW P. MELONI, as Sheriff of the County of Monroe, Respondent. (Appeal No. 1.) [598 NYS2d 876] —Judgment unanimously affirmed without costs. Memorandum: The IAS Court did not err in dismissing the complaint against defendant Meloni. It is well established that "a Sheriff cannot be held personally liable for the acts or omissions of his deputies while performing criminal justice functions, and that this principle precludes vicarious liability for the torts of a deputy" *(Barr v County of Albany,* 50 NY2d 247, 257; *see also, Urbanski v County of Monroe,* 134 AD2d 925; *Hooper v Meloni,* 123 AD2d 511). It is not disputed that the vehicle that

plaintiff was storing on his premises for an unidentified person had been reported stolen in 1985 and that Nationwide Insurance Company (Nationwide), having paid a claim on the stolen vehicle, was the title owner. The Sheriff's deputies were attempting to assist a representative of Nationwide in retrieving the stolen vehicle, clearly a criminal justice function *(see,* Penal Law § 450.10). The existence of a garageman's lien does not take the action of the deputies outside of the rule enunciated in *Barr v County of Albany (supra).* (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.