■ TIMOTHY J. SCHULIK, Respondent, v COUNTY OF MONROE et al., Appellants. [609 NYS2d 502] —Order unanimously reversed on the law without costs, motion granted and complaint against defendants County of Monroe and Andrew P. Meloni dismissed. Memorandum: Supreme Court erred in denying the

motion of defendants County of Monroe (the County) and Andrew P. Meloni, Sheriff (the Sheriff), for summary judgment dismissing the complaint, which alleges causes of action for negligence and for a violation of plaintiff's civil rights (42 USC § 1983). Plaintiff alleged that, on January 10, 1990, while he was an inmate in the Monroe County Jail, he sustained personal injuries as a result of an unprovoked attack by three other inmates.

The negligence cause of action against the Sheriff should have been dismissed because he established as a matter of law that he did not breach his duty to exercise reasonable care to "safely keep" the inmates in the jail (Correction Law § 500-c [4]; *see, Gordon v City of New York,* 70 NY2d 839, 841). The Sheriff established that he had no prior knowledge that an attack on plaintiff would occur. Plaintiff failed to submit evidentiary proof in admissible form to show the existence of a triable issue. Moreover, the Sheriff cannot be held personally liable on the basis of respondeat superior for the alleged negligent acts of his deputies *(see, Barr v County of Albany,* 50 NY2d 247, 257; *Urbanski v County of Monroe,* 134 AD2d 925).

The negligence cause of action against the County should have been dismissed because the County has not assumed liability for the acts of the Sheriff or his deputies and plaintiff has alleged no other breach of duty by the County *(see, Davis v City of Rochester,* 138 AD2d 945, *appeal dismissed* 72 NY2d 914; Local Laws, 1982, No. 1 of County of Monroe § 3-a).

Supreme Court also should have dismissed the cause of action alleging a violation of plaintiff's civil rights under 42 USC § 1983 based upon defendants' failure to protect plaintiff adequately against an assault by other inmates. The Eighth Amendment of the US Constitution protects persons convicted of a crime against cruel and inhuman punishment. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety * * * It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause" *(Whitley v Albers,* 475 US 312, 319). Proof of mere negligence is insufficient to sustain a cause of action under 42 USC § 1983 *(see, Hendricks v Coughlin,* 942 F2d 109, 113). Rather, it must be shown that defendants acted with "deliberate indifference with respect to [plaintiff's] safety" *(Hendricks v Coughlin, supra,* at 113). Here, the record is devoid of any conduct attributable to the

Sheriff that would suggest a deliberate indifference to plaintiff's safety. Moreover, the Sheriff cannot be held liable for the alleged acts of his deputies based upon a theory of respondeat superior (see, *Johnson v Glick*, 481 F2d 1028, 1033, *cert denied sub nom. John v Johnson*, 414 US 1033).

Lastly, the County is not liable for the acts of either the Sheriff or his deputies under a theory of respondeat superior because the allegedly unconstitutional action did not implement or execute an official decision, regulation, ordinance or policy statement of that governmental entity (see, *Monell v New York City Dept. of Social Servs.*, 436 US 658, 690; *see also, Canton v Harris*, 489 US 378). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.