■ JOHN E. NICOLO, Appellant, v LEONARD BICKLE et al., Respondents. [627 NYS2d 596] —Order unanimously reversed on the law without costs, motion granted and complaint reinstated. Memorandum: Supreme Court dismissed the complaint for nonappearance of plaintiff and his attorney on the date set for trial, and thereafter denied plaintiff's motion to vacate the default judgment. Under the circumstances of this case, that was an improvident exercise of discretion. (Appeal from Order of Supreme Court, Livingston County, Wiggins, Jr., J.—Vacate Default.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.

■ MEHRAN J. MARASHIAN, JR., Respondent, v CITY OF UTICA, Defendant, and County of Oneida, Appellant. [626 NYS2d 646] —Order unanimously affirmed without costs. Memorandum: A county may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility *(see, Schulik v County of Monroe,* 202 AD2d 960; *Wilson v Sponable,* 81 AD2d 1, 10-12, *appeal dismissed* 54 NY2d 834; *cf., Barr v County of Albany,* 50 NY2d 247, 256-257). The 1989 amendment to New York Constitution, article XIII, § 13 (a) merely allows a county to accept responsibility for the negligent acts of the Sheriff; it does not impose liability upon the county for the acts of the Sheriff or his deputies on a theory of respondeat superior *(see, Wilson v Sponable, supra,* at 11-12). Oneida County failed to provide evidence that it had no local law whereby it assumed liability for the acts of the Sheriff and his deputies *(cf., Schulik v County of Monroe, supra).* Consequently, its motion for summary judgment was properly denied. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.