■ MATTHEW J. SANTIAMAGRO, Respondent, v COUNTY OF ORANGE et al., Appellants. [640 NYS2d 251] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Orange County (Sherwood, J.), entered January 6, 1995, as (1) denied that branch of their motion which was to dismiss the complaint against the County of Orange and (2) granted the plaintiff's cross motion to add the Sheriff of Orange County and Deputy Sheriff "John Doe" as defendants.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the defendants' motion which was to dismiss the complaint against the County of Orange is granted, and the plaintiff's cross motion is denied.

On September 11, 1993, the plaintiff, an inmate in the Orange County jail, was allegedly injured outside his cell. The plaintiff commenced the instant action in August 1994, naming the County of Orange and the Orange County Sheriff's Department as defendants. After joinder of issue, the defendants moved for summary judgment, arguing that the Sheriff's Department was not a separate legal entity capable of being sued in its own name and that the County was not responsible for the conduct of the Sheriff or his deputies. The plaintiff cross-moved to amend the complaint so as to add the Sheriff and Deputy "John Doe" as defendants. The Supreme Court dismissed the complaint against the Sheriff's Department, held that the County was liable for the negligence of the Sheriff, and granted the plaintiff's cross motion, finding that the amendment would relate back to the date of the service of the original complaint.

Prior to January 1, 1990, article XIII (§ 13 [a]) of the New York State Constitution expressly stated that a "county shall never be made responsible for the acts of the sheriff ". However, effective January 1, 1990, the State Constitution was amended by deleting this language. The plaintiff argues that as a result of this amendment to the State Constitution, a County is automatically liable for the acts of the Sheriff. We disagree. The deletion of the above language from the State Constitution merely allows a County to accept responsibility for the negligent acts of a Sheriff; it does not impose liability upon a County for the acts of a Sheriff or his deputies (*see, Marashian v City of Utica,* 214 AD2d 1034; *Schulik v County of Monroe,* 202 AD2d 960). Since Orange County has not adopted a local

law expressly assuming responsibility for the acts of the Sheriff and his deputies (*see, Fisher v County of Orange,* 181 AD2d 856), it cannot be held liable for any alleged negligence by the Sheriff or his deputies in this case (*see, Schulik v County of Monroe, supra; Wilson v Sponable,* 81 AD2d 1). Accordingly, the complaint against the County of Orange must be dismissed.

The plaintiff cross-moved to amend the complaint to add the Sheriff and Deputy Sheriff "John Doe" as defendants after the applicable Statute of Limitations period had expired. Thus, in order to avoid being time-barred, the proposed amendment would need to fall within the scope of the "relation back" doctrine involving potential defendants who are "united in interest" with those defendants who were timely served (*see generally,* CPLR 203; *Mondello v New York Blood Ctr.,* 80 NY2d 219; *Brock v Bua,* 83 AD2d 61).

Generally, in a negligence action, "defendants will be considered united in interest, rather than joint tort-feasors, when one is vicariously liable for the acts of the other" (*see, Raschel v Rish,* 69 NY2d 694, 697; *see also, Capital Dimensions v Oberman Co.,* 104 AD2d 432; *Connell v Hayden,* 83 AD2d 80). Since, as noted above, the County may not be held responsible for the acts of the Sheriff or his deputies, there is no unity of interest among the defendants in this case. Accordingly, the proposed claim against the Sheriff and the Deputy Sheriff "John Doe" does not relate back to the date when the action was commenced and is, therefore, time-barred (*see also, Green v County of Fulton,* 123 AD2d 88). Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.