■ MARK C. SMELTS, Appellant, v ANDREW MELONI, as Sheriff of Monroe County, et al., Respondents, et al., Defendants. (Appeal No. 2.) [761 NYS2d 901] —Appeal from a judgment of Supreme Court, Monroe County (Cornelius, J.), entered March 19, 2002, which granted the motion of defendants Andrew Meloni, Sheriff of Monroe County, and County of Monroe for summary judgment dismissing the second amended complaint against them.

■ MARK C. SMELTS, Appellant, v ANDREW MELONI, as Sheriff of Monroe County, et al., Respondents, et al., Defendants. (Appeal No. 3.) [762 NYS2d 467] —Appeal from an order of Supreme Court, Monroe County (Cornelius, J.), entered October 29, 2002, which, upon the court's own motion, amended the order entered March 5, 2002 (appeal No. 1), by reinstating the causes of action against defendant Andrew Meloni, Sheriff of Monroe County, as alleged in paragraphs 33F, G, H, R, and S in the second amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the motion of defendants Andrew Meloni, Sheriff, Monroe County (Sheriff), and the County of Monroe (County) seeking summary judgment dismissing the second amended complaint against the

County and seeking partial summary judgment dismissing the second amended complaint against the Sheriff insofar as it alleges that he is liable for the acts of defendant Deputy Monroe County Sheriff Bridget O'Hara under the theory of respondeat superior. It is undisputed that, on June 16, 2000, plaintiff was entering an intersection in the City of Rochester when his vehicle was broadsided by a speeding vehicle driven by defendant Roy Terry, who was being pursued by O'Hara.

With respect to the County, we conclude that the second amended complaint was properly dismissed against it because the County did not assume liability for the acts of the Sheriff or his deputies, and plaintiff has alleged no other theory of liability against the County (*see Schulik v County of Monroe*, 202 AD2d 960, 961 [1994]). Section 39-10 (B) of the Monroe County Code provides that Sheriff's deputies are "included under the term 'employee' for convenience of reference within this chapter only," and that section further provides that:

"[t]he provisions of this chapter shall not be construed as establishing an employment or respondent *[sic]* superior relationship between the County of Monroe and the Sheriff of the County of Monroe, the Undersheriff of the County of Monroe or any person appointed by the Sheriff of the County of Monroe, including but not limited to Sheriff's deputies. The provisions of this chapter shall not be construed as an assumption by the County of Monroe, of responsibility or liability for the negligence or tortious conduct of the Sheriff of the County of Monroe, the Undersheriff of the County of Monroe or any person appointed by the Sheriff of the County of Monroe, including but not limited to Sheriff's deputies."

Plaintiff contends that section 50-j (1) of the General Municipal Law renders the County liable for the actions of a deputy sheriff. Pursuant to that section, a municipality is liable for the actions of "any duly appointed police officer of such municipality * * * for any negligent act or tort, provided such police officer, at the time of the negligent act or tort complained of, was acting in the performance of his duties and within the scope of his employment." Plaintiff cites no authority for his contention that section 50-j (1) applies to Sheriff's deputies, and we decline to interpret section 50-j (1) in that manner.

With respect to the Sheriff, we conclude that the second amended complaint was properly dismissed against him to the extent that it is based on the theory of respondeat superior. It is well settled that "the Sheriff cannot be held personally liable on the basis of respondeat superior for the alleged negligent acts of his deputies" (*Schulik*, 202 AD2d at 961; *see also Barr*

*v County of Albany*, 50 NY2d 247, 257 [1980]). Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.