■ SARAH D. TRISVAN, Individually and as Administrator of the Estate of WILLIAM L. TRISVAN, Deceased, Appellant, v COUNTY OF MONROE et al., Respondents. [809 NYS2d 369]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered January 24, 2005. The order, inter alia, denied plaintiff's motion for leave to amend the complaint to add additional defendants.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries sustained by her husband while he was incarcerated in the Monroe County Correctional Facility, and for his subsequent death as a result of such injuries. Plaintiff initially sued the County of Monroe (County) and its Sheriff but, following the expiration of the statute of limitations, moved for leave to amend the complaint to name three sheriff's deputies as additional defendants. Supreme Court properly denied the motion on the ground that plaintiff failed to establish that the deputies are united in interest with the County and the Sheriff, and thus plaintiff is not entitled to the benefit of the relation back doctrine (*see generally* CPLR 203 [c]; *Buran v Coupal*, 87 NY2d 173, 177-178 [1995]; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]; *Brock v Bua*, 83 AD2d 61, 68-69 [1981]). "Because we conclude that the [County and Sheriff] cannot be held vicariously liable for the alleged negligence of the [deputies] . . . , we cannot say that the interest[s] of the [parties] 'in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other' " (*Mondello*, 80 NY2d at 226). With respect to the County, it is well established that "[a] county may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility" (*Marashian v City of Utica*, 214 AD2d 1034, 1034 [1995]; *see Smelts v Meloni* [appeal No. 3], 306 AD2d 872, 873 [2003], *lv denied* 100 NY2d 516 [2003]; *Sarbou v Meloni*, 234 AD2d 991 [1996]; *see also Barr v County of Albany*, 50 NY2d 247, 255-257 [1980]), and here there is no such local law (*see Smelts*, 306 AD2d at 873; *Sarbou*, 234 AD2d at 991; *Davis v City of Rochester* [appeal No. 2], 138 AD2d 945 [1988], *appeal dismissed* 72 NY2d 914 [1988]). With respect to the Sheriff, it is also well established that "a Sheriff cannot be held personally liable for the acts or omissions of his deputies while performing criminal justice functions, and that . . . principle precludes vicarious liability for the torts of a deputy" (*Barr*, 50 NY2d at 257; *see Smelts*, 306 AD2d at 873-874; *Pulitano v Nationwide Ins. Co.*, 193 AD2d 1055 [1993]). "[G]uarding prisoners" in a county jail is a criminal justice function (*Wilson v Sponable*, 81 AD2d 1, 4

[1981], *appeal dismissed* 54 NY2d 834 [1981]). Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.