# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**14**

**CA 13-00976**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

ADAM VILLAR, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

CONNORS & VILARDO, LLP, BUFFALO (PAUL A. WOODARD OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (KENNETH R. KIRBY OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley
Troutman, J.), entered April 3, 2013. The order granted the motion of
defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying defendant's motion in part
and reinstating the complaint insofar as the first cause of action
alleges that defendant breached its duty to protect plaintiff from
foreseeable harm caused to him by other inmates at the Erie County
Correctional Facility, and as modified the order is affirmed without
costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained as a result of having been sexually assaulted
twice by another inmate at the Erie County Correctional Facility, a
county jail maintained by defendant (*see* County Law § 217) and
operated by the Erie County Sheriff, who has been sued by plaintiff in
a separate action (*see Villar v Howard*, ___ AD3d ___ [Mar. 20, 2015]),
decided herewith. By the order in appeal No. 1, Supreme Court granted
defendant's motion to dismiss the complaint for failure to state a
cause of action (*see* CPLR 3211 [a] [7]), on various alternative
grounds. By the order in appeal No. 2, the court denied plaintiff's
motion for leave to amend the complaint to assert a cause of action
pursuant to 42 USC § 1983. We note at the outset that we affirm the
order in appeal No. 2 for the reasons set forth in our decision in the
companion case (*see Villar*, ___ AD3d at ___).

We agree with plaintiff in appeal No. 1 that the court erred in
granting defendant's motion and dismissing the complaint in its
entirety on the ground that it owed no duty of care to plaintiff, who
was being held in jail on a pending criminal charge at the time of the

assaults.  It is well settled that "[a] municipality owes a duty to inmates in correctional facilities to safeguard them from foreseeable assaults [by] other inmates" (*Brown v City of New York*, 95 AD3d 1051, 1052; *see Smith v County of Albany*, 12 AD3d 912, 913; *see generally Sanchez v State of New York*, 99 NY2d 247, 252-253).  "[T]his duty does not render the municipality an insurer of inmate safety, and negligence cannot be established by the mere occurrence of an inmate assault . . . Rather, 'the scope of the [municipality's] duty to protect inmates is limited to risks of harm that are reasonably foreseeable' " (*Barnette v City of New York*, 96 AD3d 700, 701, quoting *Sanchez*, 99 NY2d at 253).  We therefore modify the order in appeal No. 1 by denying defendant's motion in part and reinstating that part of the first cause of action alleging that defendant breached the duty it owed to plaintiff to protect him from foreseeable assaults committed by other inmates.

We further conclude, for the reasons set forth in the companion case, that the court erred at this juncture in determining as a matter of law that defendant is immune from liability because its alleged negligence arises from discretionary acts for which it is entitled to governmental immunity (*see Villar*, ___ AD3d at ___).

The court, however, properly granted those parts of defendant's motion to dismiss the second cause of action and that part of the first cause of action seeking to hold defendant vicariously liable for the negligence of the Sheriff or the Sheriff's deputies.  Defendant "may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility" (*Marashian v City of Utica*, 214 AD2d 1034, 1034; *see Trisvan v County of Monroe*, 26 AD3d 875, 876, *lv dismissed* 6 NY3d 891), and here there is no such local law (*see Mosey v County of Erie*, 117 AD3d 1381, 1385; *cf. Barr v County of Albany*, 50 NY2d 247, 255-257).  Finally, the court properly granted that part of defendant's motion to dismiss the complaint insofar as it seeks an award of punitive damages, which are not recoverable against the State or its political subdivisions (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 386; *Drisdom v Niagara Falls Mem. Med. Ctr.*, 53 AD3d 1142, 1142).

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court