Abate v County of Erie (2021 NY Slip Op 03940)





Abate v County of Erie


2021 NY Slip Op 03940


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


222 CA 20-00127

[*1]JACQUELINE ABATE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DONALD ABATE, DECEASED, PLAINTIFF-RESPONDENT-APPELLANT,
v
COUNTY OF ERIE, ERIE COUNTY SHERIFF'S OFFICE, DEFENDANTS-APPELLANTS-RESPONDENTS, ET AL., DEFENDANT. 






MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (ANTHONY B. TARGIA OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
THE FITZGERALD FIRM, BUFFALO (BRIAN P. FITZGERALD OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 22, 2020. The order, among other things, denied the motion of defendants County of Erie and Erie County Sheriff's Office for summary judgment and denied the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendants County of Erie and Erie County Sheriff's Office in part, dismissing the amended complaint against defendant Erie County Sheriff's Office and dismissing the fourth cause of action against defendant County of Erie, and as modified the order is affirmed without costs.
Memorandum: The decedent, plaintiff's late husband, died while trapped in his car during a significant snowstorm, and plaintiff commenced this action to recover damages upon allegations that the decedent's death was caused by the alleged negligence of, among others, the County of Erie (County) and the Erie County Sheriff's Office (ECSO) in failing to rescue the decedent. The County and ECSO (defendants) moved for summary judgment dismissing the amended complaint against them, and plaintiff cross-moved for, inter alia, summary judgment on the issue of liability. Supreme Court denied both defendants' motion and plaintiff's cross motion. Defendants appeal, and plaintiff cross-appeals.
A sheriff's office has no legal identity separate from its corresponding county, "and thus an 'action against the Sheriff's [Office] is, in effect, an action against the [corresponding] County itself' " (Johanson v County of Erie, 134 AD3d 1530, 1532 [4th Dept 2015]; see Maio v Kralik, 70 AD3d 1, 10 [2d Dept 2009]). We therefore agree with defendants, on their appeal, that the court erred in denying their motion insofar as it sought summary judgment dismissing the amended complaint against ECSO. Moreover, because "[t]here is no recovery for loss of consortium in a wrongful death action" (Kaplan v Sparks, 192 AD2d 1119, 1120 [4th Dept 1993]), we further agree with defendants that the County is entitled to summary judgment dismissing plaintiff's cause of action against it for loss of consortium. We modify the order accordingly.
We reject defendants' further contention, however, that the court also erred in denying their motion insofar as it sought summary judgment dismissing any vicarious liability claim against the County for the alleged negligence of ECSO's civilian employees. Although a "county may not be held responsible for the negligent acts of the Sheriff and his [or her] deputies on the [*2]theory of respondeat superior" (Mosey v County of Erie, 117 AD3d 1381, 1385 [4th Dept 2014] [internal quotation marks omitted]; see Wilson v Sponable, 81 AD2d 1, 9-12 [4th Dept 1981], appeal dismissed 54 NY2d 834 [1981]), we conclude that a county may be vicariously liable for the negligent acts of the sheriff's civilian employees given the general rule that a sheriff's office does not exist separately from its corresponding county (see Johanson, 134 AD3d at 1531-1532; Maio, 70 AD3d at 10; see generally Riss v City of New York, 22 NY2d 579, 581 [1968]). Moreover, and contrary to defendants' further contention, the County is not entitled to immunity under Executive Law § 25 because that statute was not pleaded as an affirmative defense in the answer (see CPLR 3018 [b]; see generally Pitts v State of New York, 166 AD3d 1505, 1506 [4th Dept 2018]).
Finally, contrary to the contentions of both defendants on their appeal and plaintiff on her cross appeal, there are triable issues of fact regarding the element of special duty and the affirmative defense of governmental function immunity. The court thus properly denied both defendants' motion and plaintiff's cross motion insofar as they sought summary judgment on the issue of liability with respect to the County (see generally Coleson v City of New York, 24 NY3d 476, 482-483 [2014]; Xenias v City of New York, 191 AD3d 453, 453-454 [1st Dept 2021]; Williams v City of New York, 188 AD3d 442, 442 [1st Dept 2020]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court