Aviles v County of Orange (2022 NY Slip Op 02384)

Aviles v County of Orange

2022 NY Slip Op 02384

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-08267
 (Index No. 587/19)

[*1]Daqwann Aviles, appellant, 
v
County of Orange, et al., respondents.

Law Office of Stephen B. Kaufman, P.C., Bronx, NY (John V. Decolator of counsel), for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Karen Edelman-Reyes of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated June 12, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendant County of Orange.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendant County of Orange is denied.
On December 5, 2017, the plaintiff, while an inmate at the Orange County Correctional Facility (hereinafter the OCCF), allegedly was injured when he was exposed to contaminated shower water. After serving a notice of claim on the County of Orange and the Orange County Sheriff's Office, the plaintiff commenced this action against them, alleging that the defendants were negligent in, among other things, failing to maintain the OCCF's water supply and plumbing system in a safe and proper manner. The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the County on the ground that the County cannot be held liable for the acts of the sheriff or his deputies. By order dated June 12, 2019, the Supreme Court, among other things, granted that branch of the defendants' motion, and the plaintiff appeals.
Contrary to the determination of the Supreme Court and the contention of the defendants, the complaint did not solely seek to hold the County vicariously liable for the actions and omissions of the sheriff and his deputies. The complaint alleged that the County had a duty to maintain the OCCF, including its water supply, in a safe and proper manner, and that the County's breach of that duty caused the plaintiff to sustain personal injuries. The County's duty to provide and maintain the jail building is distinguishable from the sheriff's duty to receive and safely keep inmates in the jail over which the sheriff has custody (see Freeland v Erie County, 122 AD3d 1348, 1350; Correction Law § 500-c; County Law § 217). Contrary to the defendants' contention, the plaintiff's argument that the County is liable for its own negligence, as opposed to being vicariously liable for the negligence of the sheriff or his deputies, is not improperly raised for the first time on [*2]appeal. Accordingly, the Supreme Court should not have directed dismissal of the complaint insofar as asserted against the County.
The defendants' remaining contentions are without merit.
Accordingly, we reverse the order insofar as appealed from.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court