Wade v County of Monroe (2025 NY Slip Op 07138)

Wade v County of Monroe

2025 NY Slip Op 07138

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND KEANE, JJ.

811 CA 24-00786

[*1]JUDITH WADE, PLAINTIFF-RESPONDENT,
vCOUNTY OF MONROE, DEFENDANT-APPELLANT, ET AL., DEFENDANT. (APPEAL NO. 1.)

JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (ALISSA M. BRENNAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SLATER SLATER SCHULMAN, LLP, MELVILLE (NIRAJ JAYANT PAREKH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Joseph D. Waldorf, J.), entered April 19, 2024, in an action pursuant to the Adult Survivors Act. The order, insofar as appealed from, denied that part of the motion of defendants to dismiss plaintiff's first through seventh causes of action against defendant County of Monroe. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced these actions under the Adult Survivors Act (see CPLR 214-j) against defendants County of Monroe (County) and Monroe County Sheriff's Office (MCSO) alleging that they were sexually assaulted by certain staff members while confined at the Monroe County Jail. Plaintiffs each asserted negligence as the first cause of action, negligent hiring as the second cause of action, negligent training as the third cause of action, negligent retention as the fourth cause of action, negligent supervision as the fifth cause of action, gross negligence and willful misconduct as the sixth cause of action, violation of the state constitutional prohibition on cruel and unusual punishment as the seventh cause of action, and violation of the state anti-discrimination statutes as the eighth cause of action. Before answering, defendants moved in each action to dismiss the complaint, in relevant part, on the ground of failure to state a cause of action (see CPLR 3211 [a] [7]).
Supreme Court granted each motion insofar as it sought to dismiss the complaint against the MCSO inasmuch as "the Sheriff's Department does not have a legal identity separate from the County . . . and thus an action against the Sheriff's Department is, in effect, an action against the County itself" (Johanson v County of Erie, 134 AD3d 1530, 1531-1532 [4th Dept 2015] [internal quotation marks omitted]). With respect to the order in appeal No. 1, the court, inter alia, further granted the motion insofar as it sought to dismiss the eighth cause of action against the County but denied the motion insofar as it sought to dismiss the first, second, third, fourth, fifth, sixth, and seventh causes of action against the County. With respect to the orders in appeal Nos. 2 through 5, the court, inter alia, further granted the motion insofar as it sought to dismiss the second, third, fourth, fifth, sixth, and eighth causes of action against the County but denied the motion insofar as it sought to dismiss the first and seventh causes of action against the County. The County now appeals, contending in each appeal that the court should have dismissed the complaint in its entirety for failure to state a cause of action. We affirm in each appeal.
"On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), '[w]e accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any [*2]cognizable legal theory' " (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). " 'At the same time, however, allegations consisting of bare legal conclusions . . . are not entitled to any such consideration' " (id.). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (id. at 142). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 153 [2023]).
The County contends in each appeal that the court erred in denying the motion insofar as it sought to dismiss the first cause of action, sounding in negligence, because it owed no duty to plaintiffs. We reject that contention. " 'The threshold question in any negligence action is . . . [whether the] defendant owe[s] a legally recognized duty of care to [the] plaintiff' " (Davis v South Nassau Communities Hosp., 26 NY3d 563, 572 [2015], quoting Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]; see generally Weisbrod-Moore v Cayuga County, — NY3d &mdash, &mdash, 2025 NY Slip Op 00903, *1 [2025]; Sanchez v State of New York, 99 NY2d 247, 252 [2002]). Pursuant to Correction Law § 500-c (4), the Sheriff has the "duty to 'receive and safely keep' prisoners in the jail over which [the Sheriff] has custody" (Freeland v Erie County, 122 AD3d 1348, 1350 [4th Dept 2014]; see Villar v Howard, 28 NY3d 74, 80 [2016]; Adams v County of Rensselaer, 66 NY2d 725, 727 [1985]). "A county may not be held responsible for the negligent acts of the Sheriff and [their] deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility" (Marashian v City of Utica, 214 AD2d 1034, 1034 [4th Dept 1995]; see e.g. Abate v County of Erie, 195 AD3d 1531, 1532 [4th Dept 2021]; Mosey v County of Erie, 117 AD3d 1381, 1385 [4th Dept 2014]; Trisvan v County of Monroe, 26 AD3d 875, 876 [4th Dept 2006], lv dismissed 6 NY3d 891 [2006]). Inasmuch as the County did not assume such responsibility by local law, the first cause of action cannot be sustained on any allegations seeking to hold the County vicariously liable for the negligent acts of the Sheriff and their deputies (see D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 959 [4th Dept 2014]; Trisvan, 26 AD3d at 876; Smelts v Meloni [appeal No. 3], 306 AD2d 872, 873-874 [4th Dept 2003], lv denied 100 NY2d 516 [2003]).
Nonetheless, the County has a duty "to maintain a county jail as prescribed by law" (County Law § 217; see generally Matter of County of Cayuga v McHugh, 4 NY2d 609, 613, 615-616 [1958]), which "is distinguishable from [the] Sheriff's duty to 'receive and safely keep' prisoners in the jail" (Freeland, 122 AD3d at 1350; see Correction Law § 500-c [4]; Aviles v County of Orange, 204 AD3d 740, 741 [2d Dept 2022]). We conclude that plaintiffs have each adequately pleaded under the first cause of action that the County's violations of that duty proximately caused their injuries inasmuch as plaintiffs allege, among other things, that the County was negligent in failing to take reasonable measures to maintain the jail in a reasonably safe condition to protect inmates from sexual assault, i.e., that the County did not fulfill its "responsibility to install, set up, and maintain its premises and facilities such that a correctional officer, personnel, or other staff could not sexually abuse an inmate . . . without being detected, recorded, and/or seen" (see Aviles, 204 AD3d at 741; Freeland, 122 AD3d at 1350).
Relatedly, the courts have recognized that a county owes a duty of care, also separate from the duty of the Sheriff, "to provid[e] reasonable care to protect prisoners from risks of harm that are reasonably foreseeable, i.e., those that the [c]ounty knew or should have known" (Iannelli v County of Nassau, 156 AD3d 767, 768 [2d Dept 2017]; see Villar v County of Erie, 126 AD3d 1295, 1296 [4th Dept 2015]; Smith v County of Albany, 12 AD3d 912, 913 [3d Dept 2004]; see generally Weisbrod-Moore, — NY3d at &mdash, 2025 NY Slip Op 00903, *1; Sanchez, 99 NY2d at 252-253). Here, accepting the facts as alleged in the complaints as true and according plaintiffs the benefit of every favorable inference (see Connaughton, 29 NY3d at 141), we conclude that, irrespective of whether plaintiffs can ultimately establish the County's liability for its own negligence independent of the acts or omissions of the Sheriff and their deputies under the circumstances of these cases, plaintiffs have adequately pleaded facts in support of the claim that the County failed to protect plaintiffs from the risk of sexual assault at the jail that was reasonably foreseeable to the County (see Villar, 126 AD3d at 1296; cf. Schulik v County of Monroe, 202 AD2d 960, 961 [4th Dept 1994]; see generally Iannelli, 156 AD3d at 768-769; Smith, 12 AD3d at 913-914). Next, inasmuch as the County's challenge in each appeal to the viability of the seventh cause of action is based entirely on the faulty assertion that the County [*3]owes no duty whatsoever to protect jail prisoners from foreseeable harm, we reject the County's contention that the court erred in denying the motion insofar as it sought to dismiss the seventh cause of action against the County.
The County further contends in appeal No. 1 that the court erred in denying the motion insofar as it sought to dismiss the second, third, fourth, fifth, and sixth causes of action against the County. We reject that contention. "The duty to supervise and train Sheriff's deputies rests with the Sheriff" and "the [c]ounty has no similar duty" (Metcalf v County of Erie, 173 AD3d 1799, 1800 [4th Dept 2019]). Nonetheless, "[a]lthough a 'county may not be held responsible for the negligent acts of the Sheriff and [their] deputies on the theory of respondeat superior,' . . . a county may be vicariously liable for the negligent acts of the [S]heriff's civilian employees given the general rule that a [S]heriff's office does not exist separately from its corresponding county" (Abate, 195 AD3d at 1532 [emphasis added]). Here, accepting the facts as alleged in the complaint in appeal No. 1 as true and according the plaintiff the benefit of every favorable inference (see Connaughton, 29 NY3d at 141), we conclude that the court properly determined that, notwithstanding the County's reliance on a single reference in the complaint that the assailant "was a correctional officer," the remaining allegations in the complaint, including that the assailant—whose identity was allegedly within the exclusive knowledge of the County—"worked as a doctor/optometrist" at the jail, did not foreclose the possibility that the assailant was a civilian employee for whose conduct the County could be vicariously liable (see Abate, 195 AD3d at 1532).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court