■ JOSEPH J. DELANOY, JR., et al., Respondents, v CITY OF WHITE PLAINS, Appellant, et al., Defendants. [923 NYS2d 116]—

In an action to recover damages for personal injuries, etc., the defendant City of White Plains appeals from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered January 22, 2010, as denied that branch of its joint motion, made with the defendant Robert J. Mullins, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants City of White Plains and Robert J. Mullins which were for summary judgment dismissing the third and fourth causes of action of the complaint insofar as asserted against them, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly denied those branches of the

motion of the defendants City of White Plains (hereinafter the City) and Robert J. Mullins (hereinafter together the City defendants) which were for summary judgment dismissing the first and fifth causes of action of the complaint insofar as asserted against them. "Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (*McLean v City of New York*, 12 NY3d 194, 203 [2009]; *see Lauer v City of New York*, 95 NY2d 95 [2000]; *Tango v Tulevech*, 61 NY2d 34, 40 [1983]; *Kochanski v City of New York*, 76 AD3d 1050, 1051 [2010]). The City failed to demonstrate, prima facie, that the actions of Mullins, a City plumbing inspector, in connection with his inspection of the plaintiff's plumbing work, were discretionary, and not ministerial, in nature. Moreover, although the City demonstrated, prima facie, that no "special relationship" existed between Mullins and the plaintiff (*McLean v City of New York*, 12 NY3d at 199; *Pelaez v Seide*, 2 NY3d 186, 199-200 [2004]), the plaintiff raised a triable issue of fact as to whether such a relationship existed because Mullins allegedly "affirmatively act[ed] to place [him] in harm's way" (*Abraham v City of New York*, 39 AD3d 21, 28 [2007] [emphasis omitted]). Furthermore, the City failed to show, prima facie, that its adoption of a testing protocol applicable to the work at issue was not the "product of inadequate study" or without a "reasonable basis" (*Southworth v State of New York*, 62 AD2d 731, 741 [1978], *affd* 47 NY2d 874 [1979]; *see Weiss v Fote*, 7 NY2d 579, 589 [1960]; *Winney v County of Saratoga*, 8 AD3d 944, 945 [2004]). In view of the City defendants' failure to sustain their prima facie burden on that issue, the sufficiency of the plaintiff's opposing papers need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court erred, however, in denying those branches of the City defendants' motion which were for summary judgment dismissing the third and fourth causes of action insofar as asserted against them. The third cause of action pursuant to Labor Law § 200 did not apply to the City defendants since they were not the parties charged with the responsibility to provide the plaintiff with a safe work place (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]; *Lopes v Interstate Concrete*, 293 AD2d 579, 579-580 [2002]). Moreover, the fourth cause of action pursuant to Labor Law § 241 (6) was not applicable to the City defendants, since they were not owners or contractors, or statutory agents thereof, within the meaning of that statute (*see Russin v Louis N. Picciano & Son*, 54 NY2d at 317-318; *Lopes v Interstate Concrete*, 293 AD2d at 579).

We note that the defendant Robert J. Mullins did not appeal, and a motion to amend the notice of appeal to include Mullins was previously denied by this Court. Although normally we do not grant relief to a nonappealing party, we may do so where, as here, it is necessary in order to grant complete relief to the appealing party (*see Mixon v TBV, Inc.*, 76 AD3d 144, 155 [2010]).

The parties' remaining contentions are without merit. Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.