■ ROBERTO RODRIGUEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [934 NYS2d 418]—

Plaintiff alleges that while he was a passenger on the subway, he witnessed an individual threatening a woman. When he reported this to defendant Johnson, who was the conductor, Johnson took no action. The individual continued threatening the woman, which prompted plaintiff to pull the emergency cord on the subway car. Johnson then called the police and according to plaintiff, when the police responded, Johnson falsely told them that plaintiff had punched and kicked him. Plaintiff was arrested, charged and subsequently processed through the court system. Plaintiff filed a timely notice of claim and his complaint against NYCTA included causes of action for negligent hiring and supervision of Johnson.

Plaintiff's notice of claim was very detailed, specifying the date and the time that he was traveling on an E train from Manhattan to Queens, and that the conductor "John Doe" called the police and had plaintiff arrested by Police Officer Anthony Rosales. The notice was sufficiently detailed to enable the City to investigate the occurrence (*see generally Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 68 [2007]) and to understand the nature of the claim (*see Brown v City of New York*, 95 NY2d 389, 393 [2000]). Moreover, the notice asserted the claims of negligent hiring and supervision, thus providing defendant, who had the ability to ascertain the identity of the conductor and to examine the conductor's personnel files, the opportunity to investigate those allegations (*compare Shmueli v New York City Police Dept.*, 295 AD2d 271 [2002] [dismissing claim against district attorney for negligent hiring where notice of claim failed to assert any facts from which claim could be gleaned]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 28 Misc 3d 1237(A), 2010 NY Slip Op 51628(U).]**