# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

36
CA 13-00808
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

ACEA MOSEY, AS ADMINISTRATOR OF THE ESTATE OF
LAURA CUMMINGS, DECEASED, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

CONNORS & VILARDO, LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 10, 2012. The order denied the motion of plaintiff to strike defendant's answer, granted the motion of defendant to dismiss the complaint and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant's motion in part and reinstating the first, second, fifth, and sixth causes of action and as modified the order is affirmed without costs.

Memorandum: Following the death of plaintiff's decedent, who was tortured and killed at the hands of her mother and half-brother, plaintiff filed two notices of claim with the County of Erie (County), for wrongful death and tort, respectively. Thereafter, plaintiff commenced action No. 1 against the County and commenced action No. 2 against Timothy B. Howard, Erie County Sheriff (Sheriff). The complaint in action No. 1 asserts six causes of action to recover damages for the pain and suffering of decedent, and for her wrongful death, and also seeks punitive damages. The first cause of action alleges that the County, through its child protective services (CPS) and adult protective services (APS), was negligent in repeatedly failing to investigate adequately reports of abuse concerning decedent and thereby breached a duty to protect her from further abuse. The first cause of action further alleges, inter alia, that the County failed to take certain actions to protect decedent, to provide proper training and supervision for employees, and to meet standards regarding caseloads. The second cause of action alleges that the County is vicariously liable for the negligent omissions of employees of CPS and APS, and is premised upon the County's breach of the special duty it assumed to protect decedent when reports of alleged

abuse were received, and decedent's justifiable reliance upon that duty. The third cause of action alleges in part that the County is vicariously liable for the actions of a Sheriff's deputy who returned decedent to her home without entering the home or investigating why decedent ran away from home. The third cause of action also alleges that the County failed to take certain actions to protect decedent, failed to provide proper training and supervision for its employees and those of the Sheriff's Office, and failed to maintain proper standards for caseloads, and by reason of these failures decedent was caused to suffer sexual, physical and emotional abuse and ultimately death from scalding and suffocation. The fourth cause of action alleges that the County is vicariously liable for the negligence of the deputy who returned decedent to her home after she ran away and breached a mandatory duty to report suspected abuse concerning decedent pursuant to the Social Services Law. The fourth cause of action further alleges that the County is vicariously liable for the negligence of employees of the Sheriff's Office and other employees who inadequately investigated reports, failed to remove decedent from her home and returned her to her home after she ran away. The fifth cause of action alleges that the County negligently hired, trained, supervised and retained employees in CPS, APS and the Sheriff's Office. Lastly, the sixth cause of action asserts a claim for wrongful death based upon the foregoing allegations.

The complaint in action No. 2 asserts four causes of action against the Sheriff to recover for the pain and suffering of decedent, and for her wrongful death. The first cause of action alleges that the Sheriff is vicariously liable for the negligence of the deputy and the employees of the Sheriff's Office who knew or should have known that decedent was being abused at her home, failed to remove her from her home and returned her there after she ran away. The second cause of action alleges that the Sheriff is vicariously liable for the negligence of the deputy who returned decedent to her home and failed to report suspected abuse concerning decedent in violation of a mandatory duty to report pursuant to the Social Services Law. The third cause of action alleges that the Sheriff is liable for negligently hiring, training, supervising and retaining the deputy and others who were involved in returning decedent to her home and in not removing decedent from her home. The fourth cause of action alleges that the Sheriff is liable for decedent's wrongful death based upon the conduct underlying the first three causes of action.

In action No. 1, following joinder of issue, plaintiff moved to compel the County to disclose certain records, and the County cross-moved for a protective order. Supreme Court granted plaintiff's motion, and the County disclosed some records to plaintiff. Plaintiff subsequently sought to depose various County employees, and the County canceled the first deposition the day before it was to occur and informed plaintiff of its intention to move to dismiss the complaint in each action.

Plaintiff thereafter moved to strike the County's answer in action No. 1 pursuant to CPLR 3126, based on the County's failure to respond to discovery demands and to comply with the court's discovery

order. The County and the Sheriff moved to dismiss the respective complaints against them. The County asserted that the complaint in action No. 1 was subject to dismissal because "[p]laintiff's negligence claims . . . are based upon discretionary acts . . . and barred by governmental immunity"; "[p]laintiff cannot maintain . . . claims for negligent hiring, training, and supervision" inasmuch as she failed to include them in her notices of claim; the County is not vicariously liable for the acts or omissions of the Sheriff or his deputies; and the County cannot be held liable for punitive damages.

In moving to dismiss the complaint in action No. 2, the Sheriff contended that the "common-law claims" are barred by the plaintiff's failure to file a notice of claim naming the Sheriff; he is not vicariously liable for the acts or omissions of his deputy, as asserted in the "negligence claims and [the] alleged violation of Social Services Law"; and governmental immunity bars the "negligence claims based upon discretionary determinations and actions."

By the order in appeal No. 1, the court denied plaintiff's motion and granted the County's motion in action No. 1 for reasons asserted by the County and, by the order in appeal No. 2, the court likewise granted the Sheriff's motion. We note with respect to appeal No. 2, however, that the court did not specifically address the Sheriff's assertion that the complaint against him was subject to dismissal because he was not named in a notice of claim, but addressed only the other two grounds for dismissal asserted by the Sheriff.

We reject plaintiff's contention in appeal No. 1 that the court erred in denying her motion to strike the County's answer. The nature and degree of a sanction to be imposed on a motion pursuant to CPLR 3126 is within the discretion of the court, and the striking of a pleading is appropriate only upon a clear showing that a party's failure to comply with a discovery demand or order is willful, contumacious, or in bad faith (*see Legarreta v Neal*, 108 AD3d 1067, 1070-1071; *Kimmel v State of New York*, 286 AD2d 881, 882-883). Under the circumstances here, we perceive no abuse of discretion (*see* CPLR 3126; *Sayomi v Rolls Kohn & Assoc., LLP*, 16 AD3d 1069, 1070).

We agree with plaintiff in each appeal, however, that the court erred in granting defendants' respective motions dismissing the complaints in their entirety based on defendants' assertions that they were entitled to governmental immunity for their acts. Whether the acts in question were discretionary and thus immune from liability "is a factual question which cannot be determined at the pleading stage" (*CPC, Intl. v McKesson Corp.*, 70 NY2d 268, 286; *see Valdez v City of New York*, 18 NY3d 69, 78-80; *Bawa v City of New York*, 94 AD3d 926, 928, *lv denied* 19 NY3d 809; *Arias v City of New York*, 22 AD3d 436, 437; *see also Newsome v County of Suffolk*, 109 AD3d 802, 802-803; *Delanoy v City of White Plains*, 83 AD3d 773, 774, *lv dismissed* 17 NY3d 881; *see generally Johnson v City of New York*, 15 NY3d 676, 680-681, *rearg denied* 16 NY3d 807).

The court, however, properly granted defendants' respective

motions insofar as defendants asserted that they were not vicariously liable for the conduct of the deputy sheriff. " '[A] county may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior in the absence of a local law assuming such responsibility' " (*Trisvan v County of Monroe*, 26 AD3d 875, 876, *lv dismissed* 6 NY3d 891). Here, inasmuch as the County did not assume such responsibility by local law, the court properly dismissed the fourth cause of action in its entirety and those claims based on such vicarious liability in the third cause of action in action No. 1. "[I]t is also well established that 'a Sheriff cannot be held personally liable for the acts or omissions of his deputies while performing criminal justice functions, and that . . . principle precludes vicarious liability for the torts of a deputy' " (*id.*). Thus, the court properly dismissed the first and second causes of action in action No. 2, which are based on the Sheriff's vicarious liability for the alleged tortious conduct of the deputy sheriff.

We further conclude that the court erred in granting the County's motion in appeal No. 1 insofar as the County asserted that it was not liable for claims of negligent hiring, training, and supervision based upon alleged insufficiencies in her notices of claim. We agree with plaintiff that the notices of claim in that action were sufficient to notify the County "that the qualifications, knowledge, training, experience, abilities and supervision of its employees involved with [decedent] were at issue" and to apprise the County of a need to examine the personnel records of the relevant employees (*see Rodriguez v New York City Tr. Auth.*, 90 AD3d 552, 552; *Blanco v County of Suffolk*, 51 AD3d 700, 701; *see also Jones v City of Buffalo*, 267 AD2d 1101, 1101; *see generally Trader v State of New York*, 259 AD2d 951, 951). Contrary to the court's conclusion, we conclude that the claims for negligent hiring, training, and supervision as asserted in the first, third and fifth causes of action in action No. 1 were not beyond the scope of plaintiff's notices of claim in that action (*see generally Wahl v County of Wayne*, 78 AD3d 1608, 1609). We nevertheless further conclude that the claims of negligent training and supervision as alleged in the third cause of action in action No. 1 are duplicative of claims in the first cause of action, and thus the remainder of the third cause of action in action No. 1 was properly dismissed (*see Dischiavi v Calli*, 68 AD3d 1691, 1693).

In appeal No. 2, we agree with plaintiff that, under the circumstances herein, she was not required to file a notice of claim naming the Sheriff in his official capacity prior to commencing action No. 2 (*see Bardi v Warren County Sheriff's Dept.*, 194 AD2d 21, 23-24; *Bowman v Campbell*, 193 AD2d 921, 923, *lv dismissed in part and denied in part* 82 NY2d 740).

We also agree with plaintiff's contention in appeal No. 2 that the court erred in dismissing the third cause of action in action No. 2. Accepting the facts as alleged in that cause of action as true, we conclude that plaintiff has adequately stated a cause of action against the Sheriff for negligent hiring, training, supervision and retention (*see generally J.P. Morgan Sec. Inc. v Vigilant Ins. Co.*, 21

NY3d 324, 334).  The court likewise erred in dismissing the fourth cause of action, for wrongful death, to the extent that it is based upon the claims for alleged negligent hiring, training, supervision and retention asserted in the third cause of action (*cf. Sanchez v United Rental Equip. Co.*, 246 AD2d 524, 525-526).

We therefore modify the order in each appeal accordingly.

Entered:  May 2, 2014                    Frances E. Cafarell
                                         Clerk of the Court