# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**21**

**CA 13-00979**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

ADAM VILLAR, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TIMOTHY B. HOWARD, ERIE COUNTY SHERIFF,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

CONNORS & VILARDO, LLP, BUFFALO (PAUL A. WOODARD OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (KENNETH R. KIRBY OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered April 3, 2013. The order granted the motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant's motion in part and reinstating the complaint except to the extent that it alleges that defendant is vicariously liable for the negligence of his deputy sheriffs, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a result of having been sexually assaulted twice by another inmate at the Erie County Correctional Facility, which is operated by defendant. The assaults occurred on consecutive days in the same shower stall, while plaintiff was being held in custody on a pending criminal charge. In the first cause of action, plaintiff alleged that defendant breached his duty to protect him from foreseeable harm resulting from assaults committed by other inmates, and that defendant had actual knowledge of the dangerous propensities of the person who assaulted him. Plaintiff further alleged in the first cause of action that defendant is vicariously liable for the negligence of deputy sheriffs and other employees who worked in the jail. In the second cause of action, plaintiff alleged that defendant negligently trained and supervised the deputy sheriffs who worked in the jail.

By the order in appeal No. 1, Supreme Court granted defendant's motion to dismiss the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]). The court agreed with defendant that plaintiff failed to serve a timely notice of claim, as required by

General Municipal Law § 50-e. In addition, the court agreed with defendant that, in any event, he owed no duty of care to plaintiff, any negligence that could be attributed to him involved discretionary acts for which he had governmental immunity, and he cannot be held vicariously liable for the negligence of his deputies. By the order in appeal No. 2, the court denied plaintiff's subsequent motion for leave to amend the complaint to assert a cause of action pursuant to 42 USC § 1983 and, by the order in appeal No. 3, the court denied plaintiff's motion for leave, inter alia, to renew both defendant's motion to dismiss and his motion for leave to amend the complaint. These appeals ensued.

We agree with plaintiff in appeal No. 1 that the court erred in granting defendant's motion based on plaintiff's failure to serve a timely notice of claim. Service of a notice of claim upon a public corporation is not required for an action against a county officer, appointee, or employee unless the county "has a statutory obligation to indemnify such person under [the General Municipal Law] or any other provision of law" (General Municipal Law § 50-e [1] [b]) and, here, Erie County has no statutory obligation to indemnify defendant. Plaintiff "was not required to file a notice of claim naming [defendant] in his official capacity prior to commencing" an action against defendant (*Mosey v County of Erie*, 117 AD3d 1381, 1386).

We further conclude that the court erred in determining that defendant owed no duty of care to plaintiff. Pursuant to Correction Law § 500-c, a sheriff has a "duty to 'receive and safely keep' prisoners in the jail over which he has custody" (*Freeland v Erie County*, 122 AD3d 1348, 1350; *see Kemp v Waldron*, 115 AD2d 869, 870-871), and plaintiff's first cause of action is based on an alleged violation of that duty to him. A sheriff may also be held liable for negligent training and supervision of the deputy sheriffs who worked in the jail (*see Mosey*, 117 AD3d at 1386; *Bardi v Warren County Sheriff's Dept.*, 194 AD2d 21, 24), which forms the basis of plaintiff's second cause of action.

We reject defendant's contention that the court properly determined that he is immune from liability because his alleged negligence arises from discretionary acts for which he is entitled to governmental immunity. In the context of this CPLR 3211 motion, the issue whether defendant's alleged acts of negligence "were discretionary and thus immune from liability 'is a factual question which cannot be determined at the pleading stage' " (*Mosey*, 117 AD3d at 1384, quoting *CPC Intl. v McKesson Corp.*, 70 NY2d 268, 286). We further conclude, however, that the court properly granted defendant's motion to the extent that plaintiff alleges that defendant is vicariously liable for the negligence of his deputies (*see Barr v County of Erie*, 50 NY2d 247, 257; *Trisvan v County of Monroe*, 26 AD3d 875, 876). We therefore modify the order in appeal No. 1 by denying defendant's motion in part and reinstating the complaint except to the extent that it alleges that defendant is vicariously liable for the negligence of his deputies.

We conclude with respect to the order in appeal No. 2 that the

court did not abuse its discretion in denying plaintiff's motion for leave to amend the complaint to assert a cause of action under 42 USC § 1983, inasmuch as plaintiff has asserted such a claim against defendant in an action pending in federal court (*see generally Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Davis v Wyeth Pharms., Inc.*, 86 AD3d 907, 908). Finally, we dismiss as abandoned the appeal from the order in appeal No. 3 because plaintiff has not raised any contentions on appeal with respect thereto (*see Abasciano v Dandrea*, 83 AD3d 1542, 1545).

Entered:  March 20, 2015

Frances E. Cafarell
Clerk of the Court