Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered April 3, 2013. The order granted the motion of defendant to dismiss the complaint.
It is hereby ordered that the order so appealed from is unanimously modified on the law by denying defendant’s motion in part and reinstating the complaint insofar as the first cause of action alleges that defendant breached its duty to protect plaintiff from foreseeable harm caused to him by other inmates at the Erie County Correctional Facility, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a result of having been sexually assaulted twice by another inmate at the Erie County Cor *1296 rectional Facility, a county jail maintained by defendant (see County Law § 217) and operated by the Erie County Sheriff, who has been sued by plaintiff in a separate action (see Villar v Howard, 126 AD3d 1297 [2015]), decided herewith. By the order in appeal No. 1, Supreme Court granted defendant’s motion to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]), on various alternative grounds. By the order in appeal No. 2, the court denied plaintiffs motion for leave to amend the complaint to assert a cause of action pursuant to 42 USC § 1983. We note at the outset that we affirm the order in appeal No. 2 for the reasons set forth in our decision in the companion case (see Villar, 126 AD3d at 1299.
We agree with plaintiff in appeal No. 1 that the court erred in granting defendant’s motion and dismissing the complaint in its entirety on the ground that it owed no duty of care to plaintiff, who was being held in jail on a pending criminal charge at the time of the assaults. It is well settled that “[a] municipality owes a duty to inmates in correctional facilities to safeguard them from foreseeable assaults [by] other inmates” (Brown v City of New York, 95 AD3d 1051, 1052 [2012]; see Smith v County of Albany, 12 AD3d 912, 913 [2004]; see generally Sanchez v State of New York, 99 NY2d 247, 252-253 [2002]). “[T]his duty does not render the municipality an insurer of inmate safety, and negligence cannot be established by the mere occurrence of an inmate assault . . . Rather, ‘the scope of the [municipality’s] duty to protect inmates is limited to risks of harm that are reasonably foreseeable’ ” (Barnette v City of New York, 96 AD3d 700, 701 [2012], quoting Sanchez, 99 NY2d at 253). We therefore modify the order in appeal No. 1 by denying defendant’s motion in part and reinstating that part of the first cause of action alleging that defendant breached the duty it owed to plaintiff to protect him from foreseeable assaults committed by other inmates.
We further conclude, for the reasons set forth in the companion case, that the court erred at this juncture in determining as a matter of law that defendant is immune from liability because its alleged negligence arises from discretionary acts for which it is entitled to governmental immunity (see Villar, 126 AD3d at 1299.
The court, however, properly granted those parts of defendant’s motion to dismiss the second cause of action and that part of the first cause of action seeking to hold defendant vicariously liable for the negligence of the Sheriff or the Sheriffs deputies. Defendant “may not be held responsible for the *1297 negligent acts of the Sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility” (Marashian v City of Utica, 214 AD2d 1034, 1034 [1995]; see Trisvan v County of Monroe, 26 AD3d 875, 876 [2006], lv dismissed 6 NY3d 891 [2006]), and here there is no such local law (see Mosey v County of Erie, 117 AD3d 1381, 1385 [2014]; cf. Barr v County of Albany, 50 NY2d 247, 255-257 [1980]). Finally, the court properly granted that part of defendant’s motion to dismiss the complaint insofar as it seeks an award of punitive damages, which are not recoverable against the State or its political subdivisions (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 386 [1987]; Drisdom v Niagara Falls Mem. Med. Ctr., 53 AD3d 1142, 1142 [2008]).
Present — Scudder, P.J., Centra, Lindley, Sconiers and DeJoseph, JJ.