# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1332**
**CA 15-00906**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

FAYE JOHANSON, INDIVIDUALLY, AND AS
ADMINISTRATRIX OF THE ESTATE OF ADAM MURR,
PLAINTIFF-RESPONDENT,

                V                                            MEMORANDUM AND ORDER

COUNTY OF ERIE AND ERIE COUNTY SHERIFF'S
DEPARTMENT, DEFENDANTS-APPELLANTS.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

GARVEY & GARVEY, BUFFALO (MATTHEW J. GARVEY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

     Appeal from an order of the Supreme Court, Erie County
(Christopher J. Burns, J.), entered September 12, 2014. The order
granted plaintiff's motion for leave to serve an amended complaint.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the motion is
denied.

     Memorandum: Plaintiff commenced this action seeking damages for,
inter alia, the wrongful death and conscious pain and suffering of
Adam Murr (decedent). Decedent committed suicide while he was in
custody at the Erie County Holding Center (Holding Center). Plaintiff
alleged, inter alia, that defendants were negligent in failing to
assess and screen inmates to determine the level of supervision and
intervention necessary to prevent suicides at the Holding Center, and
in failing to provide decedent with adequate supervision.

     After the expiration of the statute of limitations applicable to
an action against a sheriff (*see* CPLR 215 [1]), plaintiff moved for
leave to amend the complaint to add Timothy Howard in his official
capacity as Sheriff of Erie County (Sheriff) as a defendant. Supreme
Court erred in granting the motion, inasmuch as plaintiff failed to
establish that her claims against the Sheriff relate back to her
claims against defendants (*see generally* CPLR 203 [b]; *Buran v Coupal*,
87 NY2d 173, 177-178). In order for the relation back doctrine to
apply, a plaintiff must establish that "(1) both claims arose out of
[the] same conduct, transaction or occurrence, (2) the new party is
united in interest with the original defendant[s], and by reason of
that relationship can be charged with such notice of the institution

of the action that he will not be prejudiced in maintaining his
defense on the merits and (3) the new party knew or should have known
that, but for an excusable mistake by plaintiff as to the identity of
the proper parties, the action would have been brought against him as
well" (*Buran*, 87 NY2d at 178 [internal quotation marks omitted]).

Defendants correctly concede that the first prong of the relation
back test is satisfied, and we conclude that the third prong is
satisfied as well (*see id.* at 181-182; *Kirk v University OB-GYN
Assoc., Inc.*, 104 AD3d 1192, 1193-1194).  We agree with defendants,
however, that plaintiff did not satisfy the second prong, i.e., unity
of interest.  "In [the] context [of this case], unity of interest
means that the interest of the parties in the [subject matter] is such
that they stand or fall together and that judgment against one will
similarly affect the other . . . Although the parties might share a
multitude of commonalities, . . . the unity of interest test will not
be satisfied unless the parties share precisely the same jural
relationship in the action at hand . . . Indeed, unless the original
defendant[s] and new [defendant] are vicariously liable for the acts
of the other[,] . . . there is no unity of interest between them"
(*Zehnick v Meadowbrook II Assoc.*, 20 AD3d 793, 796-797, *lv dismissed
in part and denied in part* 5 NY3d 873 [internal quotation marks
omitted]).

Here, defendant County of Erie (County) is not united in interest
with the Sheriff inasmuch as the County cannot be held vicariously
liable for the alleged negligent acts of the Sheriff or his deputies
(*see Villar v County of Erie*, 126 AD3d 1295, 1296-1297; *Mosey v County
of Erie*, 117 AD3d 1381, 1385).  Nor is defendant Erie County Sheriff's
Department (Sheriff's Department) united in interest with the Sheriff
for purposes of the relation back doctrine.  The Sheriff is not
vicariously liable for the alleged negligent acts of the deputies
employed at the Holding Center (*see Villar v Howard*, 126 AD3d 1297,
1299; *see generally Barr v County of Albany*, 50 NY2d 247, 257).  In
addition, the Sheriff's Department does not have a legal identity
separate from the County (*see Santiamagro v County of Orange*, 226 AD2d
359, 359), and thus an "action against the Sheriff's Department is, in
effect, an action against the County itself" (*Maio v Kralik*, 70 AD3d
1, 10).  Given that the Sheriff and the County are not united in
interest, it follows that the Sheriff and the Sheriff's Department are
not united in interest, and the court therefore erred in granting
plaintiff's motion for leave to amend the complaint to add the Sheriff
as a party.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court