Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered September 12, 2014. The order granted plaintiff’s motion for leave to serve an amended complaint.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia, the wrongful death and conscious pain and suffering of Adam Murr (decedent). Decedent committed suicide while he was in custody at the Erie County Holding Center (Holding Center). Plaintiff alleged, inter alia, that defendants were negligent in failing to assess and screen inmates to determine the level of supervision and intervention necessary to prevent suicides at the Holding Center, and in failing to provide decedent with adequate supervision.
After the expiration of the statute of limitations applicable to an action against a sheriff (see CPLR 215 [1]), plaintiff moved for leave to amend the complaint to add Timothy Howard in his official capacity as Sheriff of Erie County (Sheriff) as a defendant. Supreme Court erred in granting the motion, inasmuch as plaintiff failed to establish that her claims against the *1531 Sheriff relate back to her claims against defendants (see generally CPLR 203 [b]; Buran v Coupal, 87 NY2d 173, 177-178 [1995]). In order for the relation back doctrine to apply, a plaintiff must establish that “(1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant [s], and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well” )(Buran, 87 NY2d at 178 [internal quotation marks omitted]).
Defendants correctly concede that the first prong of the relation back test is satisfied, and we conclude that the third prong is satisfied as well (see id. at 181-182; Kirk v University OB-GYN Assoc., Inc., 104 AD3d 1192, 1193-1194 [2013]). We agree with defendants, however, that plaintiff did not satisfy the second prong, i.e., unity of interest. “In [the] context [of this case], unity of interest means that the interest of the parties in the [subject matter] is such that they stand or fall together and that judgment against one will similarly affect the other . . . Although the parties might share a multitude of commonalities, . . . the unity of interest test will not be satisfied unless the parties share precisely the same jural relationship in the action at hand . . . Indeed, unless the original defendant [s] and new [defendant] are vicariously liable for the acts of the other [,] . . . there is no unity of interest between them” (Zehnick v Meadowbrook II Assoc., 20 AD3d 793, 796-797 [2005], lv dismissed in part and denied in part 5 NY3d 873 [2005] [internal quotation marks omitted]).
Here, defendant County of Erie (County) is not united in interest with the Sheriff inasmuch as the County cannot be held vicariously liable for the alleged negligent acts of the Sheriff or his deputies (see Villar v County of Erie, 126 AD3d 1295, 1296-1297 [2015]; Mosey v County of Erie, 117 AD3d 1381, 1385 [2014]). Nor is defendant Erie County Sheriffs Department (Sheriffs Department) united in interest with the Sheriff for purposes of the relation back doctrine. The Sheriff is not vicariously liable for the alleged negligent acts of the deputies employed at the Holding Center (see Villar v Howard, 126 AD3d 1297, 1299 [2015]; see generally Barr v County of Albany, 50 NY2d 247, 257 [1980]). In addition, the Sheriffs Department does not have a legal identity separate from the County (see Santiamagro v County of Orange, 226 AD2d 359, 359 *1532 [1996]), and thus an “action against the Sheriffs Department is, in effect, an action against the County itself” (Maio v Kralik, 70 AD3d 1, 10 [2009]). Given that the Sheriff and the County are not united in interest, it follows that the Sheriff and the Sheriffs Department are not united in interest, and the court therefore erred in granting plaintiffs motion for leave to amend the complaint to add the Sheriff as a party. Present — Scudder, P.J., Smith, Valentino, Whalen and DeJoseph, JJ.