# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**749**
**CA 15-02092**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

DARRYL GAITER AND HELEN GAITER,
PLAINTIFFS,

V                                          MEMORANDUM AND ORDER

CITY OF BUFFALO BOARD OF EDUCATION,
ET AL., DEFENDANTS.
--------------------------------
HOGANWILLIG, PLLC, RESPONDENT,
AND LAW OFFICE OF ERIC B. GROSSMAN,
APPELLANT.
(APPEAL NO. 1.)

---

LAW OFFICE OF ERIC B. GROSSMAN, WILLIAMSVILLE (ERIC B. GROSSMAN OF COUNSEL), FOR APPELLANT.

HOGAN WILLIG, PLLC, AMHERST (DIANE TIVERON OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered August 14, 2015. The order directed the appellant Law Office of Eric B. Grossman to pay to respondent HoganWillig, PLLC, 35% of the legal fees generated in the underlying action.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, Law Office of Eric B. Grossman (Grossman), plaintiffs' counsel in the underlying personal injury action, appeals from an order directing it to pay plaintiffs' former counsel, respondent HoganWillig, PLLC, 35% of the legal fees generated in the underlying action. In appeal No. 2, Grossman appeals from an order denying its motion for leave to renew and/or reargue its opposition to the relief granted in the order in appeal No. 1. Insofar as the order in appeal No. 2 denied the motion for leave to reargue, it is not appealable, and we therefore dismiss the appeal to that extent on that ground (*see Indus PVR, LLC v Maa-Sharda, Inc.*, 140 AD3d 1666, 1667). In addition, we note that, in its brief on appeal, Grossman fails to advance any contentions concerning the order in appeal No. 2, and it therefore has abandoned any issue with respect to that order (*see Villar v Howard*, 126 AD3d 1297, 1300; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984). We therefore dismiss appeal No. 2 in its entirety.

        We affirm the order in appeal No. 1.  Grossman contends that it may not share any part of the fees generated in the case with HoganWillig because HoganWillig had a conflict of interest, i.e., a member of the firm was also a member of the Board of Education of the City of Buffalo, a defendant in the underlying action.  We reject that contention.  Grossman, which "is bound by the same [Rules of Professional Conduct] as [HoganWillig], cannot be heard to argue that the fee-sharing agreement and the obligations thereunder must be voided on ethical grounds, when [Grossman's principal] freely agreed to be bound by and received the benefit of the same agreement, particularly where, as here, there is no indication that the client was in any way deceived or misled" (*Samuel v Druckman & Sinel, LLP*, 12 NY3d 205, 210, *rearg denied* 12 NY3d 899; *see Benjamin v Koeppel*, 85 NY2d 549, 556).

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court