Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered May 10, 2016. The order denied the motion of plaintiff seeking leave to amend her complaint to add Deputy Frank Eldredge as a defendant and granted the cross motion of defendant for summary judgment dismissing the complaint.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained as a result of an encounter with respondent, Deputy Frank Eldredge, a Sheriffs deputy employed by defendant. Supreme Court denied plaintiffs motion seeking leave to amend her complaint to add respondent as a defendant and granted defendant’s cross motion for summary judgment dismissing the complaint. We affirm.
 

 Contrary to plaintiff’s contention, the court properly granted the cross motion. We reject plaintiff’s challenges to the viability of our prior decisions holding that “[a] county may not be held responsible for the negligent acts of the Sheriff and his [or her] deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility” (Marashian v City of Utica, 214 AD2d 1034, 1034 [1995]; see Villar v County of Erie, 126 AD3d 1295, 1296-1297 [2015]; Trisvan v County of Monroe, 26 AD3d 875, 876 [2006], lv dismissed 6 NY3d 891 [2006]; Smelts v Meloni [appeal No. 3], 306 AD2d 872, 873 [2003], lv denied 100 NY2d 516 [2003]). Although “[t]he 1989 amendment to New York Constitution, article XIII, § 13 (a) . . . allows a county to accept responsibility for the negligent acts of the Sheriff!,] it does not impose liability upon the county for the acts of the Sheriff or his [or her] deputies on a theory of respondeat superior” (Marashian, 214 AD2d at 1034; see Wilson v Sponable, 81 AD2d 1, 11-12 [1981], appeal dismissed 54 NY2d 834 [1981]). Here, defendant established that it did not assume such responsibility by local law (see Villar, 126 AD3d at 1296-1297; Mosey v County of Erie, 117 AD3d 1381, 1385 [2014]; cf. Barr v County of Albany, 50 NY2d 247, 255-257 [1980]; Marashian, 214 AD2d at 1034).
 

 Plaintiff contends that defendant nonetheless assumed responsibility for the acts of its Sheriffs deputies when it entered into a collective bargaining agreement (CBA) with the Seneca County Sheriffs Police Benevolent Association. We reject that contention. Plaintiff’s rationale is that the CBA provides for indemnification of employees from judgments and settlements upon claims arising from actions taken within the scope of such employees’ public employment and duties. We note, however, that a CBA is not a local law and, in any event, the language of the CBA here does not expressly provide that defendant will assume responsibility for the tortious acts of its Sheriffs deputies (see Santiamagro v County of Orange, 226 AD2d 359, 359-360 [1996]; Nichols v County of Rensselaer, 129 AD2d 167, 169-170 [1987]; cf Barr, 50 NY2d at 255-257). We reject plaintiff’s further contention that General Municipal Law § 50-j (1) renders defendant liable for the actions of its Sheriffs deputies (see Smelts, 306 AD2d at 873).
 

 Inasmuch as plaintiff asserted against defendant causes of action based only on respondeat superior, we conclude that the complaint “was properly dismissed against it because [defendant] did not assume liability for the acts of the Sheriff or his deputies, and plaintiff has alleged no other theory of liability against [defendant]” (id.; see D’Amico v Correctional Med. Care, Inc., 120 AD3d 956, 959 [2014]; see also Kolko v City of Rochester, 93 AD2d 977, 977-978 [1983]).
 

 Contrary to plaintiff’s further contention, we conclude that the court properly denied her motion seeking leave to amend her complaint to add respondent as a defendant. Plaintiff failed to establish that respondent and defendant are united in interest, and thus plaintiff is not entitled to the benefit of the relation back doctrine (see Johanson v County of Erie, 134 AD3d 1530, 1530-1531 [2015]; Trisvan, 26 AD3d at 876; see generally CPLR 203 [c]; Buran v Coupal, 87 NY2d 173, 177-178 [1995]). Here, respondent and defendant are not united in interest inasmuch as defendant cannot be held vicariously liable for the acts of its Sheriffs deputies (see Johanson, 134 AD3d at 1531; Trisvan, 26 AD3d at 876). In view of our determination, we do not address the alternative ground upon which the court denied the motion.
 

 Present — Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.