Metcalf v County of Erie (2019 NY Slip Op 05265)





Metcalf v County of Erie


2019 NY Slip Op 05265


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.


40 CA 18-01696

[*1]RICHARD METCALF, SR., AS ADMINISTRATOR OF THE ESTATE OF RICHARD METCALF, JR., DECEASED, PLAINTIFF-APPELLANT,
v
COUNTY OF ERIE, SCOTT EVANS, MICHAEL ANDERSON, MATTHEW O'CONNELL, EDWARD KAWALEK, ROBERT STATES, SCOTT EMERLING, RICHARD FRYS, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered January 23, 2018. The order, among other things, granted the motion of defendants County of Erie, Scott Evans, Michael Anderson, Matthew O'Connell, Edward Kawalek, Robert States, Scott Emerling and Richard Frys for summary judgment dismissing plaintiff's fourth cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages arising from fatal injuries sustained by plaintiff's decedent while in custody at the Erie County Holding Center. Plaintiff appeals from an order of Supreme Court that, among other things, granted the motion of defendants-respondents (defendants) seeking summary judgment dismissing plaintiff's fourth cause of action, which alleged, in relevant part, that defendant County of Erie (County) negligently hired, retained, and supervised the Sheriff's deputies responsible for the alleged injuries. We affirm.
The duty to supervise and train Sheriff's deputies rests with the Sheriff (see Mosey v County of Erie, 117 AD3d 1381, 1386 [4th Dept 2014]; Pickett v County of Orange, 62 AD3d 848, 850 [2d Dept 2009]; Bardi v Warren County Sheriff's Dept., 194 AD2d 21, 24 [3d Dept 1993]; see also County Law § 652). Although not explicitly stated in the published memorandum, we previously concluded in Villar v County of Erie (126 AD3d 1295, 1296 [4th Dept 2015]) that the County has no similar duty, and thus we determined that the court properly granted those parts of the County's motion to dismiss, for failure to state a cause of action, the plaintiff's second cause of action, alleging that the County was liable for its failure to supervise and train jail deputies. Defendants in this case therefore met their initial burden on the motion by establishing that the County was not liable under the theory stated in plaintiff's fourth cause of action.
In opposition, plaintiff failed to raise an issue of fact suggesting that the County assumed the Sheriff's duty. The deposition testimony of the Sheriff and Undersheriff established that the County was not involved in the hiring or termination of deputies, and the fact that the deputies may have received a W-2 from the County or that the deputies entered into a collective [*2]bargaining agreement with the County does not demonstrate that the County assumed responsibility for hiring, training, or supervising those deputies (see generally Jones v Seneca County, 154 AD3d 1349, 1350 [4th Dept 2017], lv denied 30 NY3d 911 [2018]). We also reject plaintiff's contention that the County assumed that responsibility pursuant to a consent order entered in an unrelated action in the Western District of New York. By its own terms, that order "is not intended to expand the right of any person or entity who seeks relief against the County or its officials or employees."
We reject plaintiff's further contention that the County's representation that the Erie County Sheriff's Department lacked a separate legal identity from the County estops the County from contending that it is not the employer of the Sheriff's deputies. The County correctly stated that "the Sheriff's Department does not have a legal identity separate from the County . . . and thus an action against the Sheriff's Department is, in effect, an action against the County itself" (Johanson v County of Erie, 134 AD3d 1530, 1531-1532 [4th Dept 2015] [internal quotation marks omitted]). The Sheriff, however, is distinct from both the County and the Sheriff's Department (see id.), and thus the County's representation has no bearing on whether the Sheriff, as opposed to the County, bears the responsibility of hiring, training, and supervising the Sheriff's deputies.
Our holding in Villar does not support plaintiff's contention that the County owed a duty to plaintiff's decedent in this case (126 AD3d at 1296). Although we concluded in Villar that the County owes a duty "to safeguard [inmates] from foreseeable assaults [by] other inmates" (id. [internal quotation marks omitted]), that is not plaintiff's claim here. Indeed, as discussed above, we concluded in Villar that the court properly granted the County's motion to dismiss the plaintiff's second cause of action, alleging negligent training and supervision of the deputies (see id.).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court