Prezioso v County of Niagara (2023 NY Slip Op 00768)

Prezioso v County of Niagara

2023 NY Slip Op 00768

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

887 CA 21-01406

[*1]SALVATORE P. PREZIOSO, PLAINTIFF-RESPONDENT,
v
COUNTY OF NIAGARA, JAMES VOUTOUR, AS NIAGARA COUNTY SHERIFF, DR. ANA NATASHA CERVANTES, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (BRIAN P. CROSBY OF COUNSEL), FOR DEFENDANTS-APPELLANTS COUNTY OF NIAGARA AND JAMES VOUTOUR, AS NIAGARA COUNTY SHERIFF.
RICOTTA, MATTREY, CALLOCCHIA, MARKEL & CASSERT, BUFFALO (KATHERINE V. MARKEL OF COUNSEL), FOR DEFENDANT-APPELLANT DR. ANA NATASHA CERVANTES.
O'BRIEN & FORD, P.C., BUFFALO (CHRISTOPHER M. PANNOZZO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered September 28, 2021. The order, among other things, denied in part the motion of defendants County of Niagara, Niagara County Sheriff's Department, and James Voutour, as Niagara County Sheriff, to dismiss the second amended complaint against them and denied the motion of Dr. Ana Natasha Cervantes to dismiss the second amended complaint against her. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting in part the motion of defendant Dr. Ana Natasha Cervantes and dismissing the first and fourth causes of action against her, and granting those parts of the motion of defendants County of Niagara, Niagara County Sheriff's Department and James Voutour, as Niagara County Sheriff, seeking to dismiss against Voutour the first and fifth through ninth causes of action and the second and third causes of action insofar as they assert claims under 42 USC § 1983 relating to plaintiff's medical care, and to dismiss against the County of Niagara the first and fifth causes of action insofar as they allege that the County of Niagara is vicariously liable for the negligence of Voutour and the eighth cause of action insofar as it asserts claims for negligent investigation and negligent training in investigative procedures, and as modified the order is affirmed without costs.
Memorandum: In this action against, inter alia, defendants County of Niagara (County), James Voutour, as Niagara County Sheriff (Sheriff Voutour) (collectively, Niagara defendants) and Dr. Ana Natasha Cervantes, plaintiff asserted, inter alia, causes of action for negligence and alleged violations of his civil rights under 42 USC § 1983. In a notice of claim naming the County and defendant Niagara County Sheriff's Department (Sheriff's Department), plaintiff alleged, inter alia, that he was arrested by employees of the Sheriff's Department and confined in nonparty Niagara County Jail (jail) for a period of 12 days without legal justification. He further alleged that, during the time of his confinement, he was provided with inadequate medical care and, as a result, his health deteriorated. Dr. Cervantes, a psychiatrist employed by defendant PrimeCare Medical of New York, Inc., a private medical company that contracted to provide medical services to individuals detained at the jail, met with plaintiff during his detainment and prescribed medicine to him. Prior to answering, the Niagara defendants, together with the Sheriff's Department, moved to dismiss the second amended complaint against them (Niagara motion), and Dr. Cervantes separately moved to dismiss the second amended complaint against [*2]her. Supreme Court, inter alia, granted the Niagara motion with respect to the Sheriff's Department but denied the remainder of that motion and denied Dr. Cervantes' motion. The Niagara defendants and Dr. Cervantes separately appeal.
We agree with Dr. Cervantes that the court should have granted her motion insofar as it sought to dismiss the first and fourth causes of action, for negligence and medical malpractice, respectively, against her. We therefore modify the order accordingly. The record establishes that the jail is a public institution within the meaning of General Municipal Law § 50-d maintained in whole or in part by the County. Moreover, Dr. Cervantes did not receive compensation for her medical services from any persons detained in the jail. Thus, Dr. Cervantes falls within the ambit of General Municipal Law § 50-d (see Pedrero v Moreau, 81 NY2d 731, 732 [1992]; Ayers v Mohan, 154 AD3d 411, 412-413 [1st Dept 2017], lv denied 32 NY3d 904 [2018]), and the statute of limitations set forth under General Municipal Law § 50-i (1) (c) applies to plaintiff's negligence and malpractice claims against her. Plaintiff failed to assert those claims against Dr. Cervantes within one year and 90 days after plaintiff's date of release from the jail (see General Municipal Law §§ 50-d [2]; 50-i [1] [c]) and, thus, those claims against Dr. Cervantes are time-barred.
Contrary to the contentions of Dr. Cervantes and the Niagara defendants, we conclude that the court properly denied that part of Dr. Cervantes' motion and that part of the Niagara motion seeking dismissal of the second and third causes of action against Dr. Cervantes and against the County, respectively, insofar as they assert claims against those defendants pursuant to 42 USC § 1983 relating to plaintiff's medical care while detained in the jail. "[I]t is well established that[,] in order to state a claim under [section] 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States" (Kennedy v St. Barnabas Hosp., 283 AD2d 364, 366 [1st Dept 2001] [internal quotation marks omitted]; see Andrews v County of Cayuga, 142 AD3d 1347, 1349 [4th Dept 2016]). Accepting as true the facts as alleged in the second amended complaint and according plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Kaleida Health v Hyland, 200 AD3d 1654, 1655 [4th Dept 2021]), we conclude that plaintiff's allegations that he was denied his Fourteenth Amendment right to adequate medical care by jail personnel and Dr. Cervantes are sufficient to state a cause of action pursuant to 42 USC § 1983 with respect to Dr. Cervantes and the County (see Andrews, 142 AD3d at 1349; see generally Powlowski v Wullich, 102 AD2d 575, 583-584 [4th Dept 1984]). Given plaintiff's medical history and the information available at the time, the failure to provide plaintiff with the appropriate dose of his prescribed medication was sufficiently serious. Moreover, plaintiff alleged that the County had a deliberate policy and a pattern of conduct which, if proven, demonstrate a willful refusal or failure to provide adequate medical care to persons detained in the jail (see Cooper v Morin, 50 AD2d 32, 38 [4th Dept 1975]).
We agree with the Niagara defendants, however, that plaintiff's allegations of Sheriff Voutour's personal involvement were conclusory and offered nothing in support of any particular action Sheriff Voutour personally took with respect to his alleged negligent supervision of the medical care provided at the jail. Because "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [42 USC § ] 1983," we conclude that the second and third causes of action must be dismissed against Sheriff Voutour insofar as they assert claims under 42 USC § 1983 relating to plaintiff's medical care (Shelton v New York State Liq. Auth., 61 AD3d 1145, 1149 [3d Dept 2009] [internal quotation marks omitted]; see Vendetti v Zywiak, 191 AD3d 1268, 1272 [4th Dept 2021], appeal dismissed 37 NY3d 933 [2021], lv denied 37 NY3d 914 [2021]). We therefore further modify the order accordingly.
We also agree with the Niagara defendants that the court should have granted that part of the Niagara motion seeking to dismiss the first and fifth through ninth causes of action against Sheriff Voutour on the ground that the statute of limitations had run. We therefore further modify the order accordingly. Plaintiff does not dispute that those causes of action were not timely asserted against Sheriff Voutour, but instead contends that the relation back doctrine applies. In order for the relation back doctrine to apply, a plaintiff must establish that "(1) both claims arose out of the same conduct, transaction, or occurrence; (2) the new defendant is united in interest with the original defendant, and by reason of that relationship can be charged with [*3]notice of the institution of the action such that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff[] as to the identity of the proper parties, the action would have been brought against him [or her] as well" (Norman K. v Posner, 207 AD3d 1228, 1229 [4th Dept 2022] [internal quotation marks omitted]; see Buran v Coupal, 87 NY2d 173, 178 [1995]). We agree with the Niagara defendants that the second prong is not met. There is no unity of interest with respect to the original defendants, i.e., the County and Sheriff's Department, inasmuch as the County is not vicariously liable for the acts of the Sheriff (see Johanson v County of Erie, 134 AD3d 1530, 1531 [4th Dept 2015]), and the Sheriff's Department does not have a legal identity separate from the County (see id. at 1531-1532). In light of that determination, we need not reach the third prong of the analysis.
The Niagara defendants also contend that the court should have granted that part of the Niagara motion seeking to dismiss against them the fifth, sixth and seventh causes of action, for false arrest, false imprisonment and malicious prosecution, respectively, on the ground that they fail to state a cause of action inasmuch as the second amended complaint effectively acknowledges that probable cause existed for the arrest and contains no allegations of malice. We reject that contention. The allegations in the second amended complaint do not conclusively establish that the arresting police officers had the requisite probable cause (cf. Nasco v Sgro, 130 AD3d 588, 589-590 [2d Dept 2015]) and, furthermore, the second amended complaint alleges facts that would support a finding that exculpatory evidence that was subsequently disclosed indicates that probable cause to believe that plaintiff had committed a crime was lacking. Moreover, contrary to the Niagara defendants' contention, the second amended complaint adequately alleges the element of malice (see Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied 423 US 929 [1975]).
We conclude, however, that the court should have granted that part of the Niagara motion seeking to dismiss the eighth cause of action to the extent that it asserts claims against the County for negligent investigation and negligent training in investigative procedures. We therefore further modify the order accordingly. "[A] cause of action for negligent investigation is not recognized in New York" (Maldovan v County of Erie, 188 AD3d 1597, 1600 [4th Dept 2020], affd on other grounds — NY3d &mdash, 2022 NY Slip Op 06632 [2022]), and a claim of "negligent training in investigative procedures is akin to a claim for negligent investigation or prosecution, [and is thus also] not actionable in New York" (id.). We note that the eighth cause of action must also be dismissed against Sheriff Voutour to that extent for that additional reason.
We also agree with the Niagara defendants that the court should have granted that part of the Niagara motion seeking to dismiss the first and fifth causes of action against the County insofar as those causes of action allege that the County is vicariously liable for the negligence of Sheriff Voutour, and we therefore further modify the order accordingly. "[A] county may not be held responsible for the negligent acts of the Sheriff and his deputies on the theory of respondeat superior in the absence of a local law assuming such responsibility" (Mosey v County of Erie, 117 AD3d 1381, 1385 [4th Dept 2014] [internal quotation marks omitted]; see Trisvan v County of Monroe, 26 AD3d 875, 876 [4th Dept 2006], lv dismissed 6 NY3d 891 [2006]). Here, plaintiff did not allege that the County assumed such responsibility by local law.
We have considered the remaining contentions of Dr. Cervantes and the Niagara defendants and conclude that they are either unpreserved for our review (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]) or without merit.
All concur except Winslow, J., who is not participating.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court